**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

## <u>AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT</u>

I, **Luis Polo**, being duly sworn, do hereby depose and state the following:

1.      I am a Border Patrol Agent with the United States Border Patrol and have been so employed since March 27, 2006.  As a Border Patrol Agent, I have gained experience in conducting investigations related to the illegal entry of aliens into United States.  I attended the Federal Law Enforcement Training Center at Artesia, New Mexico, where I received training for the purpose of accomplishing my Border Patrol duties, which includes training in immigration related law and matters.  Furthermore, I also receive training on a continuing basis for the purpose of maintaining my proficiency pertaining to Border Patrol work.

2.      Investigation reveals that, on or about Wednesday, April 29, 2026, **Israel MARTE-RODRIGUEZ** re-entered the United States illegally, upon arriving by boat at or near Aguadilla, Puerto Rico, after having been previously deported / removed from the United States, subsequent to an aggravated felony conviction.  Therefore, this Affidavit is made in support of a Criminal Complaint against **MARTE-RODRIGUEZ** based on violation of **Title 8, <u>United States Code</u>, Section 1326(a)&(b)(2),** Re-entering the United States after being previously deported or removed, subsequent to an aggravated felony conviction.

3.      I make this affidavit based on my own personal knowledge and on oral and written reports by other federal, state, and/or local law enforcement agents and officers that investigated this matter.  This affidavit does not contain all the information derived from this

1

investigation only that which is sufficient to demonstrate probable cause to believe that a crime has been committed.

## PROBABLE CAUSE

4.      On or about Wednesday, April 29, 2026, at approximately 05:30 a.m., United States Border Patrol (USBP) Ramey Sector Border Patrol Agent (BPA) conducting surveillance duties, operating a Mobile Surveillance Capability (MSC) observed a vessel approximately ten (10) nautical miles (NM) northwest from received information from Puerto Rico Police Department (PRPD) Arecibo Marine Unit (FURA) reporting a Maritime Smuggling Event in the vicinity of Survivors Beach, Aguadilla, Puerto Rico.

5.      PRPD-FURA attempted to intercept the vessel, which failed to heave and continued its course to shore.

6.      Border Patrol Agents (BPAs) were dispatched to the area.

7.      Responding BPAs located the makeshift arriving vessel and saw all the occupants deboarding and running towards the brush adjacent to the beach area.

8.      BPAs conducted an extensive search of the area, arresting a total of forty-two subjects, including **MARTE-RODRIGUEZ**.

9.      BPAs identified themselves as immigration officers & proceeded to interview all encountered subjects, including **MARTE-RODRIGUEZ**.

21.     BPAs questioned all subjects, including **MARTE-RODRIGUEZ** as to their citizenship & nationality.

22.     All subjects, including **MARTE-RODRIGUEZ**, freely & voluntarily admitted to being unlawfully present in the United States.

2

23.     All subjects, including **MARTE-RODRIGUEZ** admitted being a citizens & nationals of the Dominican Republic, Haiti & Ecuador.

24.     All subjects, including **MARTE-RODRIGUEZ**, were arrested & transported to USBP Ramey Station in Aguadilla, Puerto Rico for further investigation, processing & removal proceedings.

25.     Once at Ramey Station, all subjects, including **MARTE-RODRIGUEZ's** photograph & fingerprints, were taken & entered into different law enforcement database systems.

26.     Record checks yielded positive results, indicating that **MARTE-RODRIGUEZ** possesses prior immigration & criminal history.

27.     As to **MARTE-RODRIGUEZ's** immigration & criminal history:

(a)     On or about July 20, 1994, **MARTE-RODRIGUEZ** legally entered the United States as a Legal Permanent Resident (IR-2) through San Juan, Puerto Rico.

(b)     On or about November 08, 1995, **MARTE-RODRIGUEZ** was arrested in New York, NY for criminal possession of a controlled substance-3rd Degree Narcotic drug with intent to sell (NY PL 220/16). Disposition not reported.

(c)     On May 06, 1997, **MARTE-RODRIGUEZ** was convicted upon plea of guilty in the New York County, NY Superior Court for Attempted Criminal Possession of a controlled substance-3rd degree in violation of NY PL 110/220.16 and sentenced to five (05) years probation, Class C Felony.

3

(d)    On May 24, 2006, **MARTE-RODRIGUEZ** was arrested for possession of a controlled dangerous substance and possession with intent to deliver a controlled dangerous substance in Philadelphia, PA. Disposition unreported.

(e)    On July 15, 2006, **MARTE-RODRIGUEZ** was arrested for Driving Under the Influence of alcohol and mischief in Philadelphia, PA. Bench Warrant Issued. Disposition unreported.

(f)    On March 13, 2007, **MARTE-RODRIGUEZ** was convicted in the Clearfield County, PA Court of Common Pleas of Possession with Intent to Deliver a Controlled Substance to wit: Heroin, in violation of PA crimes code 35:780-113(A)(30) and sentenced to three (03) to eight (08) years imprisonment.

(g)    **MARTE-RODRIGUEZ** served three (3) years and seven (07) days of the aforementioned sentence.

(h)    On or about April 05, 2007, **MARTE-RODRIGUEZ** was encountered by Immigration & Customs Enforcement (ICE) at the Camp Hill State Correctional Institution.

(i)    On August 25, 2009, **MARTE-RODRIGUEZ** was released from jail to ICE's custody and transported to York County Prison awaiting removal proceedings.

(j)    On July 09, 2009, an Immigration Judge Order of Removal was issued on behalf of **MARTE-RODRIGUEZ**.

(k)    On July 27, 2009, **MARTE-RODRIGUEZ** appealed his Order of Removal to the Board of Immigration Appeals.

4

(l)    On October 20, 2009, **MARTE-RODRIGUEZ** the Board of Immigration Appeals dismissed the appeal.

(m)    On November 10, 2009, **MARTE-RODRIGUEZ** was officially & physically removed, from the United States to the Dominican Republic from the Port of New Orleans, Louisiana.

(n)    At an unknown date, at an unknown place **MARTE-RODRIGUEZ** re-entered the United States.

(o)    On May 21, 2010, **MARTE-RODRIGUEZ's** wife accused him of rape.

(p)    On July 05, 2013, **MARTE-RODRIGUEZ** was arrested by Philadelphia Police Department and charged with Simple Assault, Aggravated Assault, Recklessly Endangering & Resisting Arrest.  Disposition unreported. At the time it was also found that **MARTE-RODRIGUEZ** had an outstanding arrest warrant from the Southern District of New York for violations of Title 8 USC 1326, reentry of removed alien.

(q)    On July 06, 2015, an Order of Judicial Removal [(Case 10-cr-1048(RA)] was completed & signed in the Southern District of New York.

(r)    On February 22, 2023, a Judicial Removal Order was issued on behalf of **MARTE-RODRIGUEZ.**

(s)    On April 04, 2023, **MARTE-RODRIGUEZ** was officially & physically removed from the United States to the Dominican Republic from the Port of Alexandria, Louisiana.

(t)    On or about April 29, 2026, **MARTE-RODRIGUEZ** illegally re-entered the United States after having arrived by boat at or near Survivor Beach, Aguadilla, Puerto Rico.

28.    After his arrest, Border Patrol Agents advised **MARTE-RODRIGUEZ** of his right to legal representation & his right to speak with the Consular Officer of his native country, the Dominican Republic.

29.    **MARTE-RODRIGUEZ** re-entered the United States at a place other than a designated Port of Entry.

30.    **MARTE-RODRIGUEZ** is a national and citizen of the Dominican Republic who does not possess any immigration documents allowing him to enter, re-enter and/or to remain in the United States legally, to include but not limited, the lack of express consent from the Attorney General of the United States, or his successor, the Secretary of the Department of Homeland Security, to reapply for admission into the United States.  Furthermore, **MARTE-RODRIGUEZ** was not inspected, admitted, or paroled into the United States by an Officer of the Bureau of Customs and Border Protection.

31.    **MARTE-RODRIGUEZ** does not have any petitions pending with the Bureau of Citizenship & Immigration Services.

32.     Based upon my training, experience, and participation in other investigations, and based on the facts revealed in this investigation, I believe that sufficient probable cause exists to demonstrate the commission of a violation of federal law by the above-mentioned subject, to wit, a violation of Title 8, *United States Code,* Section 1326(a)&(b)(2).

Luis Polo
Border Patrol Agent

Subscribed and sworn before me pursuant to FRCP 4.1 at 8:45pm by telephone, this __5th__ day of May 2026.

Honorable Mariana Bauzá Almonte
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF PUERTO RICO

7